DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036-6797
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599
H. Jeffrey Schwartz
Gary J. Mennitt
Elise Scherr Frejka
Jonathan D. Perry

*Attorneys for Plaintiff Bayou Management LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
UNITED STATES OF AMERICA,                  :    05 Cr. 1039 (CM)
                                                              :
              Plaintiff,                              :    (Forfeiture Proceeding)
      -against-                                     :
                                                              :
SAMUEL ISRAEL III,                              :
              Defendant.                           :
------------------------------------------------------------------- X
ROBERT B. NICHOLS and ELLEN M. NICHOLS,    :
                                                              :
              Petitioners.                           :
------------------------------------------------------------------- X

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
In re:                                                  :    Chapter 11
BAYOU GROUP, LLC, et al.,                :    Case No.:  06-22306 (ASH)
                                                              :
              Debtors.                              :    Jointly Administered
------------------------------------------------------------------- X
BAYOU MANAGEMENT LLC,               :    Adv. Proc. No.:  08-08292 (ASH)
                                                              :
              Plaintiff,                              :    (Adversary Proceeding)
      -against-                                     :
                                                              :
ROBERT B. NICHOLS, ELLEN M. NICHOLS,    :
SAMUEL ISRAEL III, and JOHN DOES 1-5,    :
                                                              :
              Defendants.                          :
------------------------------------------------------------------- X

**MEMORANDUM OF LAW IN RESPONSE TO MOTION
OF PETITIONERS-DEFENDANTS ROBERT B. NICHOLS
AND ELLEN M. NICHOLS TO WITHDRAW REFERENCE OF
ADVERSARY PROCEEDING AND CONSOLIDATE PROCEEDINGS**

Plaintiff Bayou Management LLC ("Bayou Management") respectfully submits this memorandum of law in response to the motion of Petitioners-Defendants Robert B. Nichols and Ellen M. Nichols (together, the "Nicholses") to withdraw the reference of the adversary proceeding brought against them by Bayou Management in the United States Bankruptcy Court for the Southern District of New York (the "Adversary Proceeding") and to consolidate the Adversary Proceeding with the action commenced by the Nicholses in this Court pursuant to 21 U.S.C. § 853(n).

**STATEMENT OF FACTS**

On May 30, 2006, Bayou Management, Bayou Group, LLC, Bayou Advisors, LLC, Bayou Equities, LLC, Bayou Fund, LLC ("Bayou Fund"), Bayou Superfund, LLC ("Bayou Superfund"), Bayou No Leverage Fund, LLC ("Bayou No Leverage"), Bayou Affiliates Fund, LLC ("Bayou Affiliates"), and Bayou Accredited Fund, LLC ("Bayou Accredited," and together with Bayou Fund, Bayou Superfund, Bayou No Leverage, and Bayou Affiliates, the "Bayou Hedge Funds") (collectively, the "Bayou Entities") filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") separate voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Adversary Proceeding arises from a massive fraudulent investment scheme perpetrated by the Bayou Entities, which are an affiliated group of entities that created, operated, comprised, and controlled private pooled investment funds. Bayou Management's Complaint Against the Nicholses ("Compl.") ¶ 2. During the course of this fraud, the Bayou Entities attracted more than $450 million in investments for the Bayou Hedge Funds. Id. After suffering

millions of dollars in trading losses, the Bayou Entities attempted to stay afloat, and indeed prolonged the scheme, by disclosing false investment performance and creating false financial statements.  Id.  The Bayou Entities also attempted to conceal their losses through a series of fraudulent transfers.  Id.  Ultimately, the Bayou Entities' fraudulent investment scheme collapsed, with approximately $250 million in principal unpaid to hundreds of creditors.  Id.

In spring 2004, facing many years of accumulated trading losses and mounting pressure from investors and regulators, Samuel Israel III ("Israel") – one of the principals of the Bayou Entities – caused the prime brokerage accounts of the Bayou Hedge Funds to be transferred first to Bayou Management and then to his personal bank account.  Compl. ¶ 3.  Thereafter, Israel transferred $10 million of the misappropriated funds to the Nicholses.  Id.

On September 29, 2005, Israel pleaded guilty to three federal fraud counts, including investor advisor fraud, conspiracy to commit investor advisor fraud, and mail fraud.  As part of Israel's criminal case, on or about August 3, 2007, this Court issued a Third Preliminary Order for Forfeiture as to Specific Property (the "Order of Forfeiture"), forfeiting to the United States the interests of Israel in the $1,053,604.13 transferred to a certain HSBC account (the "HSBC Funds"), and all property traceable to such property, as proceeds of the fraud, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

On April 17, 2008, the Nicholses commenced a proceeding in this Court pursuant to 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure to assert an interest in the HSBC Funds seized pursuant to the Order of Forfeiture (the "Forfeiture Proceeding").

On May 30, 2008, Bayou Management filed the Adversary Proceeding in the Bankruptcy Court pursuant to sections 105(a), 548(a), 550(a)(2), and 1107 of the Bankruptcy Code to set aside the fraudulent transfers made by Bayou Management to Israel and to recover the $10 million transferred by Bayou Management to the Nicholses.  On June 16, 2008, the Nicholses filed the instant motion to withdraw the reference of the Adversary Proceeding to the Bankruptcy Court pursuant to Local Bankruptcy Rule 5011.1 and to consolidate the Adversary Proceeding with the Forfeiture Proceeding pursuant to Rule 42 of the Federal Rules of Civil Procedure.

## ARGUMENT

Bayou Management does not object to this Court consolidating the Adversary Proceeding with the Forfeiture Proceeding, as Petitioners propose, provided the parties are allowed to proceed with normal discovery pursuant to the Federal Rules of Civil Procedure.  If this Court declines to consolidate the matters, however, then Bayou Management objects to the premature withdrawal of the reference of the Adversary Proceeding to the Bankruptcy Court.

### I. BAYOU MANAGEMENT CONSENTS TO CONSOLIDATION

Bayou Management agrees that there is an appropriate legal basis for consolidation of the Adversary Proceeding with the section 853(n) action in the Forfeiture Proceeding.  Thus, Bayou Management consents to the withdrawal of the reference of the Adversary Proceeding to the Bankruptcy Court provided that this Court consolidates the proceedings.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, a federal court may consolidate actions involving a common question of law or fact in the interest of judicial economy.  Fed. R. Civ. P. 42(a).  Courts have "broad discretion to determine whether consolidation is appropriate."  Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). In determining whether consolidation is appropriate, "the court must balance the interest of judicial convenience against any delay, confusion, or prejudice that might result from such

consolidation." Sheet Metal Contractors Ass'n of N. N.J. v. Sheet Metal Workers' Int'l, 978 F.Supp. 529, 531 (S.D.N.Y. 1997); see also Celotex Corp., 899 F.2d at 1285. "In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation." Celotex Corp., 899 F.2d at 1284-85.

Here, judicial economy favors consolidation. The Adversary Proceeding concerns a claim that the Nicholses were the transferees of certain funds fraudulently transferred by Bayou Management. The Forfeiture Proceeding concerns a claim by the Nicholses that those same fund transfers were legitimate. Thus, there is substantial overlap in the factual predicate for the two actions.

Further, there appears to be no prohibition against consolidating such a Forfeiture Proceeding with a civil action. See United States v. West Indies Transp. Co., Inc., et al., 35 F. Supp. 2d 450, 458-59 (D.V.I. 1998) (consolidating criminal restitution action concerning writ of execution against a ship with civil action concerning ownership of the same ship). Although the Forfeiture Proceeding is nominally in connection with a criminal action, it is in essence a civil proceeding. See United States v. MacInnes, 223 Fed. Appx. 549, 551 (9th Cir. 2007) (finding that a third party petition to amend an order of criminal forfeiture is essentially a civil matter) (citing cases); United States v. Cohen, 243 Fed. Appx. 531, 534 (11th Cir. 2007) (stating that for purposes of appellate review, ancillary forfeiture proceedings are civil proceedings); United States v. Perry, 360 F.3d 519, 523-24 (6th Cir. 2004) (discussing "civil-type" litigation arising in criminal cases, including recovery of attorneys' fees, return of bond money, and return of seized property).

Bayou Management thus consents to the permissive withdrawal of the reference of the Adversary Proceeding to the Bankruptcy Court provided that the Adversary Proceeding is consolidated with the Forfeiture Proceeding, and this Court allows the parties to seek normal discovery pursuant to the Federal Rules of Civil Procedure.  See Complete Mgm't, Inc. v. Arthur Andersen, LLP (In re Complete Mgm't, Inc.), 2002 WL 31163878, at *4 (S.D.N.Y. Sept. 27, 2002) (withdrawing the reference of the adversary proceeding due to considerations of efficiency and fairness); Mishkin v. Ageloff, et al., 220 B.R. 784, 800-01 (S.D.N.Y. 1998) (withdrawing the reference and consolidating several actions to avoid inefficiency and wasted resources).

## II.    THE REFERENCE SHOULD NOT BE WITHDRAWN IF THE ADVERSARY PROCEEDING IS NOT CONSOLIDATED WITH THE FORFEITURE PROCEEDING

Absent consolidation, withdrawal of the reference of the Adversary Proceeding is neither mandatory nor appropriate at this time.

In this District, cases arising under the Bankruptcy Code are automatically referred to the Bankruptcy Court pursuant to a standing order issued under 28 U.S.C. § 157(c).  Enron Corp. v. Belo Co. (In re Enron Corp.), 317 B.R. 232, 233 (S.D.N.Y. 2004); see also 28 U.S.C. § 157(a).

Withdrawal of the reference is mandatory, "on timely motion of a party," only if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d). Thus, the district court must withdraw the reference only when any proceeding "would otherwise require a bankruptcy judge to engage in significant interpretation, as opposed to simple application of federal laws apart from the bankruptcy statutes."  City of New York v. Exxon Corp., 932 F.2d 1020, 1026 (2d Cir. 1991).

Here, the Adversary Proceeding is not subject to mandatory withdrawal. As the Nicholses concede, the Adversary Proceeding is a "core" proceeding under 28 U.S.C. §§ 157, 1134, and 1337 over which the Bankruptcy Court has jurisdiction. The only claim for relief brought by Bayou Management in the Adversary Proceeding is an action to recover fraudulent transfers pursuant to section 550(a)(2) of the Bankruptcy Code; thus, the Adversary Proceeding does not require the application of any federal laws outside of the Bankruptcy Code.

The Nicholses have asserted that withdrawal of the reference is mandatory because "the Bankruptcy Court cannot adjudicate the fraudulent transfer issue without simultaneously deciding the merits of the Nicholses' 21 U.S.C. § 853(n) Petition." Petitioners-Defendants Br. at 3. This is wrong. Bayou Management does not seek to have the Bankruptcy Court adjudicate any issue pertaining to the Nicholses other than a fraudulent conveyance claim under the Bankruptcy Code. While the two proceedings involve a common nucleus of facts, the legal issues to be decided by the Bankruptcy Court are decidedly within the purview of the Bankruptcy Court.

Withdrawal of the reference under the principle of permissive withdrawal is also inappropriate at this time. Pursuant to section 157(d) of the Bankruptcy Code, "[t]he district court <u>may</u> withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, <u>for cause shown</u>." 28 U.S.C. § 157(d) (emphasis added).

Absent consolidation, the Nicholses have not shown "cause" for permissive withdrawal of the reference at this time. Although the Nicholses have demanded a jury trial in the Adversary Proceeding, a jury demand does not constitute "cause" for immediate withdrawal of the reference. <u>Belo Co.</u>, 317 B.R. at 234. Courts routinely refuse to withdraw the reference on that

basis until all pre-trial proceedings, including discovery and dispositive motions, are complete and the case is ripe for trial.  See Enron Corp. v. Telplexus, Inc. (In re Enron, Inc.), 2004 WL 2912893, at *2 (S.D.N.Y. Dec. 14, 2004) (refusing to withdraw the reference at the pretrial stage, even though the defendant had the right to a jury trial and did not consent to it before the bankruptcy court); McCord v. Papantoniou, 316 B.R. 113, 126 (E.D.N.Y. 2004) (same); Rickel & Assocs., Inc. v. Smith (In re Rickel & Assocs., Inc.), 2003 WL 23021972, at *3 (S.D.N.Y. Dec. 24, 2003) (same); ERC v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 61 (S.D.N.Y. 1992) (same).

## CONCLUSION

For the foregoing reasons, this Court should consolidate the Adversary Proceeding and Forfeiture Proceeding, withdraw the reference for that purpose, and allow the parties to pursue appropriate discovery.  In the alternative, if the Court declines to consolidate the two proceedings, then the Court should deny the motion to withdraw the reference of the Adversary Proceeding.

Dated: New York, New York
       June 30, 2008

                DECHERT LLP

                By:/s/ Gary J. Mennitt
                   H. Jeffrey Schwartz
                   Gary J. Mennitt
                   Elise Scherr Frejka
                   Jonathan D. Perry
                   1095 Avenue of the Americas
                   New York, New York  10036-6797
                   Telephone:  (212) 698-3500
                   Facsimile:  (212) 698-3599

                *Attorneys for Bayou Management LLC*

DECHERT LLP
1095 Avenue of the Americas
New York, New York  10036-6797
Telephone:  (212) 698-3500
Facsimile:  (212) 698-3599
H. Jeffrey Schwartz
Gary J. Mennitt
Elise Scherr Frejka
Jonathan D. Perry

*Attorneys for Plaintiff Bayou Management LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
| | |
|---|---|
| UNITED STATES OF AMERICA, : | 05 Cr. 1039 (CM) |
| : | |
| Plaintiff, : | (Forfeiture Proceeding) |
| -against- : | |
| : | |
| SAMUEL ISRAEL III, : | |
| Defendant. : | |

------------------------------------------------------------------- X

ROBERT B. NICHOLS and ELLEN M. NICHOLS,   :
                                                                                  :
                                      Petitioners.    :
------------------------------------------------------------------- X

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
| | |
|---|---|
| In re: : | Chapter 11 |
| BAYOU GROUP, LLC, et al., : | Case No.:  06-22306 (ASH) |
| : | |
| Debtors. : | Jointly Administered |

------------------------------------------------------------------- X
| | |
|---|---|
| BAYOU MANAGEMENT LLC, : | Adv. Proc. No.:  08-08292 (ASH) |
| : | |
| Plaintiff, : | (Adversary Proceeding) |
| -against- : | |
| : | |
| ROBERT B. NICHOLS, ELLEN M. NICHOLS, : | |
| SAMUEL ISRAEL III, and JOHN DOES 1-5, : | |
| : | |
| Defendants. : | |

------------------------------------------------------------------- X

**CERTIFICATE OF SERVICE**

ANDREA CHOUPROUTA, being duly sworn, deposes and says:

    I am not a party to the action, am over the age of eighteen years of age and reside in Nassau County, New York.

    On June 30, 2008, I caused to be served, true and correct copy of the Memorandum of Law in Response to Motion of Petitioners-Defendants Robert B. Nichols and Ellen M. Nichols to Withdraw Reference of Adversary Proceeding and Consolidate Proceedings by Federal Express upon the parties listed below.

J. Joseph Bainton, Esq.
Bainton McCarthy LLC
26 Broadway, Suite 2400
New York, New York 10004 – 1840

Barry A. Bohrer, Esq.
Morvillo, Abramowitz, Grand, Iason,
Anello & Bohrer, P.C.
565 Fifth Avenue
New York, New York 10017

Sharon Levin, Esq.
Assistant United States Attorney
U.S. Department of Justice
U.S. Attorney's Office
Southern District of New York
One St. Andrews Plaza
New York, New York 10007

                                              */s/ Andrea Chouprouta*
                                               Andrea Chouprouta